**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY WALK,

                    Petitioner,                  Case Number: 2:13-CV-12603

v.                                          HONORABLE GERSHWIN A. DRAIN

THOMAS MACKIE,

                    Respondent.

_____/

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

       Anthony Walk is a state inmate incarcerated at the Baraga Correctional Facility in Baraga, Michigan. He filed a letter addressed to the Clerk of Court claiming to have mailed a petition for habeas corpus relief to the Court for filing on March 1, 2013, that was never docketed by the Court.[1] The letter was docketed as a habeas corpus petition.

       Petitioner's letter appears to seek equitable tolling of the one-year limitations period applicable to habeas corpus petitions. He asks that his petition be considered filed on, March 1, 2013, the date he claims to have mailed the petition that was not received by the Court. However, the filing of a letter is insufficient to initiate a federal habeas proceeding. Rule 3, Federal Rules of Civil Procedure, states: "A civil action is commenced by filing a complaint with the court." The Federal Rules of Civil Procedure apply in the context of habeas proceedings to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Cases. *See* Rule 11, Rules Governing Section 2254 Cases. "A habeas suit begins

---

[1]A search of the Court's docket reveals no previous habeas corpus petition filed by Petitioner.

with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "Prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief." *Williams v. State University of New York*, 635 F. Supp. 1243, 1245 (E.D.N.Y. 1986). In this case, Petitioner has not filed a petition for habeas corpus relief, has failed to identify the conviction(s) challenged or the claim(s) raised. Therefore, this matter is not properly pending before the Court and will be dismissed without prejudice. Petitioner may raise a claim for equitable tolling after properly filing a petition for habeas corpus relief.

Accordingly, **IT IS ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

DATED: July 23, 2013

2