UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WALK,

               Petitioner,

                            Civil Action  2:13-CV-12603

v.                            HONORABLE GERSHWIN A. DRAIN
                            UNITED STATES DISTRICT COURT

KENNETH T. MCKEE,[1]

               Respondent,

_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS DUPLICATIVE PETITION WITH PREJUDICE [#9], AMENDING CASE CAPTION, DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

## I.  INTRODUCTION

      Petitioner, Anthony Elijah Walk, currently confined at the Bellamy Creek Correctional Facility, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2008 conviction for second degree murder, MICH. COMP. LAWS § 750.317, pursuant to his guilty plea in the Wayne County Circuit Court. Presently before the Court is Respondent's Motion to Dismiss Duplicative Petition with Prejudice, filed on March 6, 2015. Petitioner has failed to file a Response to the present

_____

[1] At the time Petitioner filed the instant petition for a writ of habeas corpus, he was incarcerated at the Baraga Correctional Facility in Baraga, Michigan. Petitioner has since been transferred to the Bellamy Creek Correctional Facility in Ionia, Michigan.  Therefore, the correct Respondent is Kenneth T. McKee.

motion.

## II.  DISCUSSION

Petitioner has previously filed a Petition for Writ of Habeas Corpus, which was before Judge Paul D. Borman.  *See* Case No. 13-14429.  Petitioner filed his Petition that was before Judge Borman on October 22, 2013.  Judge Borman ultimately adopted the Magistrate Judge's Report and Recommendation and denied the Petition on August 29, 2014. *Id.*, Dkt. No. 13.

Prior to filing his Petition before Judge Borman, Petitioner filed a letter which was docketed as a Petition for a Writ of Habeas Corpus in this Court.  This Court dismissed his "Petition" without prejudice because the filing of a letter was insufficient to initiate a federal habeas corpus proceeding.  *See* Dkt. No. 3.  Thereafter, Petitioner filed the same Petition for a Writ of Habeas Corpus that was before Judge Borman.  This Court ordered the State to respond to the present Petition by March 7, 2015.  In lieu of filing a Response, the State filed the motion presently before the Court.

The instant Petition is subject to dismissal because it is duplicative of Petitioner's habeas action that was before Judge Borman.  A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions.  *See Barapind v. Reno*, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted); *see also Davis v. U.S. Parole Com'n,* 870 F.2d 657 (Table), No. 1989 WL 25837, *1 (6th Cir. Mar. 7, 1989) (district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant

2

petition is essentially the same as the earlier petition); *see also Nye v. Booker*, No. 07-cv-12890, 2007 U.S. Dist. LEXIS 3967, *2 (E.D. Mich. Feb. 28, 2002).

In the present action, the Petition challenges the same 2008 conviction for second degree murder and asserts arguments that are identical to those raised in his Petition that was before Judge Borman.  As such, the instant Petition for a Writ of Habeas Corpus will be dismissed with prejudice.

The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner must demonstrate that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the Petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.* at 484.

For the reasons articulated in this Order, the Court will deny Petitioner a certificate of appealability because his present Petition is duplicative of his Petition that has already been resolved by Judge Borman.  The Court will also deny Petitioner leave to proceed on

3

appeal *in forma pauperis* because an appeal would be frivolous.  *See Allen v. Stovall*, 156 F.

Supp.2d 791, 798 (E.D. Mich. 2001).

### III.  CONCLUSION

Based upon the foregoing, Respondent's Motion to Dismiss Duplicative Petition with

Prejudice [#9] is GRANTED.

The Petition for a Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

The case caption is HEREBY AMENDED to reflect that the Respondent is Kenneth

T. McKee.

A certificate of appealability is DENIED.

Leave to proceed *in forma pauperis* is also DENIED.

SO ORDERED.


                                    /s/Gershwin A Drain
                                    HON. GERSHWIN A. DRAIN
Dated: May 20, 2015                 UNITED STATES DISTRICT JUDGE

4

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
to Anthony Elijah Walk, # 607502, at the Bellamy Creek Correctional Facility,
1727 West Bluewater Highway, Ionia, MI 48846 on
May 20, 2015, by electronic and/or ordinary mail.


S/Tanya Bankston
Deputy Clerk